UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRIVOY EXPRESS TRUST,<br>*by and through Wanda D. Otero, Trustee*, | : | Case No. 3:25-cv-154 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman<br>Magistrate Judge Peter B. Silvain, Jr. |
| CITY OF DAYTON OHIO, *et al.*, | : | |
| Defendants. | : | |

## ORDER and REPORT AND RECOMMENDATION[1]

This matter is before the Court upon Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1).

On May 9, 2025, Plaintiff Brivoy Express Trust, by and through Wanda D. Otero, Trustee, initiated this *pro se* action by filing a motion for leave to process *in forma pauperis*. (Doc. #1). Although Plaintiff is identified as Brivoy Express Trust in the case caption, *see* Doc. #1-2, *PageID* #5, the Complaint does not contain any allegations specifically regarding the Trust. Instead, in the Complaint, Plaintiff alleges several constitutional violations, including warrantless searches in violation of Fourth Amendment, and retaliation in violation of the Fourteenth Amendment. (Doc. #1-2).

Plaintiff Brivoy Express Trust, an artificial entity, is not permitted under 28 U.S.C. §1915 to proceed *in forma pauperis*. *Rowland v. California Men's Colony*, 506 U.S. 194, 196, 113 S. Ct. 716, 718 (1993) ("only a natural person may qualify for treatment *in forma pauperis* under [28

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

U.S.C.] § 1915." Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) be **DENIED**.

If this recommendation is adopted, the undersigned **RECOMMENDS** that Plaintiff be required to pay the filing fee **within fourteen (14) days of adoption**.

Furthermore, Plaintiff Brivoy Express Trust cannot proceed *pro se* in federal court. It is well settled that artificial entities—including trusts—cannot appear in federal court except through a licensed attorney. *Rowland*, 506 U.S. at 202; *Dimercurio v. C.I.R.*, No. 08-1378, 2008 WL 5784519 (6th Cir. 2008); *see also* 28 U.S.C. § 1654. There is no indication in the record that Ms. Otero is a licensed attorney. She therefore cannot represent Brivoy Express Trust in this Court. *Boniecki v. City of Warren*, No. CV 22-11578, 2023 WL 2138090, at *2 (E.D. Mich. Feb. 21, 2023) (collecting cases); *see also Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Lawyers and judges alike have a duty to prevent the unauthorized practice of law; we are troubled that Zanecki was allowed to proceed as a 'pro se' litigant. In situations like this, the usual course of action is to dismiss the case without prejudice."). The undersigned **GRANTS** Plaintiff Brivoy Express Trust **thirty (30) days from the date of this Order** to obtain and have counsel appear on Plaintiff's behalf. Failure to do so will result in a recommendation that this case be dismissed without prejudice.

May 13, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).